JEFFREY J. ZUBER, (SBN 220830)
*jzuber@zuberlawler.com*
MICHAEL CARLIN, (SBN 290264)
*mcarlin@zuberlawler.com*
**ZUBER LAWLER LLP**
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071 USA
Telephone: +1 (213) 596-5620
Facsimile: +1 (213) 596-5621

Attorneys for Federal Deposit Insurance Corporation as Receiver for First Republic Bank

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| HENRY HO,<br><br>Plaintiff,<br><br>v.<br><br>FIRST REPUBLIC BANK, a California Corporation; and Does 1-10,<br><br>Defendant. | Case No. 2:23-cv-06317-GW-MRW<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S REQUEST FOR STAY OF ENTIRE ACTION FOR NINETY DAYS PURSUANT TO 12 U.S.C. §1821(d)(12)** |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

The Federal Deposit Insurance Corporation ("FDIC"), an agency of the United States of America, in its capacity as Receiver for First Republic Bank (hereinafter, the "FDIC-R"), by and through undersigned counsel, and pursuant to 12 U.S.C. §1821(d)(12)(A), hereby respectfully requests that the Court issue an Order staying the entire above-captioned action for a period of 90 days. In support of this Request, the FDIC-R states as follows:

## I. CLOSURE OF FIRST REPUBLIC BANK, SUBSTITUTION OF FDIC-R, AND REMOVAL

On May 1, 2023, First Republic Bank was closed by the California Department of Financial Protection and Innovation and the FDIC was appointed First Republic Bank's receiver.

By operation of federal law, the FDIC-R succeeded to all of First Republic Bank's rights, titles, powers, and privileges, including First Republic Bank's status as a party in the arbitration before FINRA Dispute Resolution, Case No. 20-00555 (the "FINRA Arbitration"). *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

Based on the foregoing, on July 12, 2023, the FDIC-R substituted into the place of First Republic Bank as an answering and defending party in the AAA Arbitration and subsequently removed the entire case to the United States District Court for the Central District of California.

## II. INITIAL 90 DAY STAY OF THE PROCEEDINGS

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides, in pertinent part:

> After appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed --…(ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.

12 U.S.C. §1821(d)(12)(A).

Importantly, the express language of §1821(d)(12) makes clear that the granting of the stay is mandatory upon the FDIC-R's request. Specifically, 12 U.S.C. §1821(d)(12)(B), which is entitled "Grant of stay by all courts required," goes on to state:

> Upon receipt of a request by any …receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial

> action or proceeding in any court with jurisdiction of such action or proceeding, the Court **shall** grant such stay as to all parties.

(emphasis added); *see also, Damiano v. FDIC*, 104 F.3d 328, 334 (11th Cir. 1997) (holding that the receiver has "the right . . . to stay a pending action within the first ninety days of being appointed as a receiver" under 12 U.S.C. § 1821(d)(12), and that Section 1821(d)(12) "requires the court to grant such stay."); *Praxis Properties, Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 67 (3rd Cir. 1991) ("Congress simply has left no room in section 1821(d)(12)(B) for courts to maneuver and balance [the receiver's] need for a stay against the possibility that delay will result in irreparable harm to the party opposing the stay." Rather, Congress made the stay mandatory to prevent the receiver from "having to expend precious time and resources persuading a court about its need for a stay and refuting the other party's assertions of irreparable injury."); *Nassirpour v. F.D.I.C.*, 2008 U.S. Dist. 2008 WL 5412432, *2 (C.D. Cal. Dec. 29, 2008) (affirming that, if a receiver requests a stay within 90 days of its appointment, it is "automatically entitled to such a stay" under 12 U.S.C. Section 1821(d)(12)).

Although no showing of good cause or other reason is required in order for the FDIC to obtain this mandatory stay, it should be noted that a stay of this action is particularly appropriate. Specifically, the Congressional intent of the 90-day stay set forth in 12 U.S.C. § 1821(d)(12)(B) was to provide the FDIC with breathing room to familiarize itself with a case as "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze the pending matters and decide how best to proceed." H.R.Rep. No. 54(1), 101st Cong., 1st Sess. 331 (1989), reprinted in 1989 U.S. Code Cong. & Admin. News 86, 127.

In addition, and more importantly, the FDIC-R has recently taken measures to implement the mandatory administrative claims process established under 12 U.S.C.

§§ 1821(d)(3) through (13). As a matter of law, Plaintiff Henry Ho may not litigate or otherwise pursue the claims asserted in this case against the FDIC-R unless and until it has first complied with – and completed – Section 1821's mandatory administrative claims process. That administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3) through (13), centralizes the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the FDIC-R by a date certain established by the Receiver, *i.e.*, the "claims bar date." The FDIC-R then has up to 180 days to review each claim, and grant or deny those claims (in whole or in part), without the delay and expense of litigation. *See* 12 U.S.C. § 1821(d)(5)(A)(i). Accordingly, an additional stay of this case will likely be appropriate at some point in the future, to allow for completion of the administrative claims process. The FDIC-R will make that request by separate motion, if and when it becomes necessary.

## III. CONCLUSION

On the basis of the foregoing, the FDIC-R respectfully requests that this Court grant this Request and enter an order staying this action for 90 days, together with such other and further relief deemed just and proper under the circumstances.

Dated: August 10, 2023

Respectfully submitted,

**ZUBER LAWLER LLP**
JEFFREY J. ZUBER
MICHAEL CARLIN

By: */s/ Jeffrey J. Zuber*
Attorneys for Federal Deposit Insurance Corporation as Receiver for First Republic Bank

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Counterclaimant Federal Deposit Insurance Corporation in its Capacity as Receiver for First Republic Bank, certifies that this brief contains 823 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 10, 2023

*/s/ Jeffrey J. Zuber*
Jeffrey J. Zuber